————o————

## No. 4343.
## Court of Appeal, Parish of Orleans.

### JOHN GOUGH VS. GEORGE REDERSHEIMER.

1. When, in the advertisement for the sale at public auction for real estate, said advertisement does not recite that an incumbrance in the shape of a judgment duly registered bearing on the property, is to be satisfied and cancelled by payment with the funds realized at said sale, the adjudicatee is not required to consummate such a sale by the passage of an authentic act, and notice to him to appear at notary's office to sign such act, is not such a putting in default as is contemplated under the law and our jurisprudence.

2. A condition precedent to putting the purchaser in default was the tender to him of a clear and unincumbered title to the property. In this case this was not done, and the adjudicatee is entitled to the relief which the law gives him.

Appeal from Civil District Court, Division E.

Chas. Louque, for Plaintiff and Appellee.

C. C. Friedrichs, H. L. Favrot, for Defendant and Appellant.

ESTOPINAL, J. Plaintiff prosecutes this suit to recover of the defendants in solido the sum of seven hundred and ten dollars ($710.00), his petition reciting substantially that he purchased at public auction from Stroudback & Stern, Auctioneers, acting for and on behalf of George Redersheimer, a certain property in this city, for the price and sum of seven thousand

95

one hundred dollars ($7,100.00), and that he deposited in the hands of the auctioneer, as earnest, ten per cent of said purchase price, or the sum of seven hundred and te n($710.00); that a good and valid title free from liens and encumbrances was never tendered him, and that he was never put in default; that the property has since been sold to other parties by said defendants, who are now bound to refund to plaintiff double the earnest mcney deposited by him to bind the sale.

The defendants urge that the property was offered at public auction on Dec. 14, 1905, and was adjudicated to the plaintiff for the price above stated, and that thereupon, in accordance with the established rule, plaintiff made the usual ten per cent deposit with the auctioneer, who made a proces verbal of the adjudication.

That immediately after the adjudication, proper title was tendered to plaintiff, who obtained a copy of Redersheimer's deed of acquisition through his counsel, for examination, and that after ample delay, plaintiff not appearing to complete the transfer by the execution of the proper act of sale, he was notified on January 25, 1906, by the notary before whom it was agreed that the act should be passed that the act of sale would be executed in his office the Tuesday following; that the plaintiff failing to appear on that day and all efforts by defendant to secure his appearance, plaintiff was again notified by letter of the notary of date, February 15, 1906, stating to him that the act of sale of the property was ready for signature and would be completed on February 20, 1906; that plaintiff again failing to appear to sign the act of sale, was duly notified that the property would be advertised and sold for his account, etc.

Defendants aver that in accordance with Article 2611, of the Civil Code, the property was, on the 15th day of March, 1906, adjudicated to Jules Domecq, for the price of six thousand three hundred and fifty dollars ($6,350.00), and that this adjudication to Jules Domecq was completed by a proper authentic deed, transferring the said property to him; that the plaintiff was properly put in default, and that if the deposit made by said plaintiff is to be considered as earnest, he has forfeited same under Article 2463, and defendants reconvene against plaintiff to recover the sum of nine hundred and fifty-one dollars and ten cents ($951.10), two hundred and one dollar ($201.00) of

96

said sum being for costs incurred in the resale, and seven hundred and fifty dollars ($750.00) of said sum being hte difference in price between the first and second adjudications. Judgment was rendered below against Stroudback and Stern, the auctioneers, and George Redersheimer, for seven hundred and ten dollars ($710.00), and against George Redersheimer for another like amount.

The plaintiff moves the dismissal of this appeal.

The record in this case was filed in this Court on October 14, 1907, and the motion to dismiss was filed December 10, 1907, nearly two months later. The motion comes too late.

The resale or second adjudication was made on March 15, 1906, and the transfer of the property was shortly thereafter completed by an authentic act. It was only subsequent to this, to be exact, on April 24, 1906, that the *judgment bearing on the property was cancelled* in the mortgage office. Had the title offered been good and valid, such only as the purchaser had the right to demand, he certainly should have not only forfeited the earnest money, but would be held to pay the difference between the price of the adjudication to him and the second adjudication if the latter was for a less s*m than the first.

C. C. 2611.

Defendant's averments that plaintiff was duly and legally put in default is negatived by the showing made on the record.

It is idle to contend that the purchaser should appear to sign the act of sale when notified, when it was known to all parties in interest that the recital in the act of sale to the effect that the property "is free of all encumbrances, etc.," would be an untruth.

A condition precedent to putting the purchaser in default was the *tender to him of a title to the property free of all encumbrances.*

C. C. 1913, 1933, 2610, 2611; 6 L. 154; 11 L. 544; 15 L. 282, and a long line of authorities.

It was not incumbent upon the purchaser to take any action looking to a final consummation of the sale until the vendor had tendered such a title as the vendee had a legal right to expect.

It will not do to attach responsibility to the vendee by saying that he could have avoided a resale and the consequent

97

expense. The vendee's examination of the title of the property adjudicated the showed property to be burdened by a judgment against one of its former owners. It was his plain duty to himself to await action by his vendor looking to the removal of this encumbrance. The fact that plaintiff (vendee) did nothing looking to cancelling this encumbrance, does not estop him from now urging the fault to have been the vendor's.

Clearly the vendee was never put in default.

The judgment of the District Court was against the auctioneers (Stroudback & Stern), being the 10 per cent deposit or earnest given by plaintiff, for seven hundred and ten dollars ($710.00), and against the owner, George Redersheimer, for double of said amount, or one thousand four hundred and twenty dollars ($1,420.00).

Plaintiff urges that Stroudback & Stern, auctioneers, have not appealed, and that Redersheimer alone has appealed.

In view of the fact that we find no reason to disturb the judgment of the District Court, we do not propose to discuss the question of who is and who is not an appellant here.

For the reasons assigned, the judgment appealed from is affirmed, the defendants to pay costs of both Courts.